**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Daniel Sammie,

        Petitioner,

        v.                                Case No. 1:08cv741

Warden,                                Judge Michael R. Barrett
Lebanon Correctional Institution,

        Respondent.


## ORDER

This matter is before the Court upon the Magistrate Judge's July 22, 2009 Report and Recommendation (R&R).  (Doc. 14)  The Magistrate Judge recommends granting Respondent's Motion to Dismiss (Doc. 10) and denying Petitioner's Motion to Stay the Instant Proceedings (Doc. 11).

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Petitioner filed timely objections to the R&R.  (Doc. 19)

## I.    BACKGROUND

Petitioner entered a guilty plea to two aggravated robbery counts and a felonious assault charge.  The plea entry provided that Petitioner faced a potential prison sentence of three to ten years on each aggravated robbery charge, as well as a prison term of two to eight years for felonious assault.  At the plea hearing, the trial court accepted the plea, and sentenced Petitioner to an aggregated 16-year prison term, in accordance with the

terms set out and discussed as reflecting the parties' understanding of the plea agreement.

Petitioner did not file a direct appeal, but five months after the final judgment was entered,

filed a *pro se* post-conviction petition to vacate or set aside sentence with the trial court

based upon *Apprendi* and *Blakely*. This petition was not ruled upon by the trial court.

Petitioner filed a second post-conviction petition to vacate or set aside or modify sentence

based upon *Foster*. This petition was not ruled upon either.

In his federal habeas Petition, petitioner claims that (1) the trial court exceeded its

sentencing authority by using sentencing elements not indicted by the grand jury; and (2)

the trial court violated *Apprendi* and *Blakely* by using "judicial factfindings" to impose more

than the maximum sentence allowed by law.

## II.    MAGISTRATE JUDGE'S R&R

The Magistrate Judge recommends denying Petitioner's Motion for Stay because

a stay is not warranted in this case. The Magistrate Judge explained that contrary to

Petitioner's arguments, the Ohio Supreme Court's decision in *State v. Colon*, 885 N.E.2d

917 (Ohio 2008) (*Colon I*) is not applicable to this case because in *State v. Colon*, 893

N.E.2d 169 (Ohio 2008) (*Colon II*), the Ohio Supreme Court explained that *Colon I* was

only applicable to cases pending on the date the decision was announced. The Magistrate

Judge explained that Petitioner's conviction and sentence became final when the thirty-day

period expired for filing a timely appeal from the trial court's January 31, 2005 final

judgment entry. Therefore, any claim that Petitioner would seek pursuant to *Colon* in the

Ohio courts would be futile.

The Magistrate Judge recommends granting Respondent's Motion to Dismiss. The

Magistrate Judge found that Petitioner's claims were unexhausted because the state courts

have yet to rule on Petitioner's post-conviction petitions. However, the Magistrate Judge found that it is in the interests of the parties and judicial economy to promptly address the merits of petitioner's claims for habeas relief, which are "plainly meritless."

The Magistrate Judge explained that the trial court was not precluded by *Blakely* or its progeny from imposing the agreed-to 16-year sentence, which fell within the statutory range of available sentences for the charged offenses. The Magistrate Judge found that because the trial court imposed the precise sentence that the parties had agreed to and Petitioner is unable to prevail on any claim that the sentence was not "authorized by law" under state-law standards or under constitutional standards enunciated in *Blakely* and applied in *Foster,* pursuant to Ohio Revised Court § 2953.08(D), Petitioner waived his right to appeal his sentence when he entered his guilty plea.

The Magistrate Judge also explained that at the plea hearing, Petitioner was informed of both the minimum and maximum sentences that could be imposed on the aggravated robbery and felonious assault charges. The Magistrate Judge noted that even though at the time of Petitioner's sentencing, Ohio's sentencing statutes contained certain presumptive sentencing provisions that were later declared unconstitutional in *Foster*, the trial court was not foreclosed before or after *Foster* from imposing non-minimum, consecutive sentences, or from imposing the exact sentence that was agreed to by the parties as a term of their plea bargain.

III.    <u>ANALYSIS</u>

In his objections, Petitioner argues that *Colon* is applicable to his claims. In support of his objections, Petitioner cites *State v. Cimpritz*, 110 N.E.2d 416 (1953). The Court finds that the holding of *Cimpritz* has no effect on the outcome of this case. As the Magistrate

Judge explained, *Colon I* is not applicable to Petitioner's claims according the Ohio Supreme Court's decision in *Colon II.*

To the extent that Petitioner relies upon *Cimpritz* to question the jurisdiction of the state court, this Court has previously rejected that argument. *See Montgomery v. Brunsman*, 2009 WL 2243125, *2 (S.D.Ohio July 23, 2009) (slip op.); *Craig v. Moore*, 2008 WL 656505, *3 (S.D.Ohio Mar. 11, 2008) (unpublished). Accordingly, the Court overrules Petitioner's objections.

## IV.    CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court **ADOPTS** the July 22, 2009 Magistrate Judge's R&R. (Doc. 14) It is hereby **ORDERED** that:

1. Petitioner's Motion to Stay (Doc. 11) is **DENIED**;

2. Respondent's Motion to Dismiss (Doc. 10) is **GRANTED** and Petitioner's of Writ of Habeas Corpus pursuant to 28 U.S. § 2254 (Doc. 2) be **DISMISSED with PREJUDICE**;

3. A certificate of appealability shall not issue with respect to this Order dismissing the claims alleged in the petition, which were addressed on the merits herein, because Petitioner has not made a substantial showing that he has stated "viable claim[s] of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 29 U.S. 473, 475 (2000), *citing Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983); *see also* 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore the Court **DENIES** any application by petitioner to proceed on appeal in *forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997); and

5.      This matter be **CLOSED** and terminated from the docket of this Court.

**IT IS SO ORDERED.**

                                        */s/ Michael R. Barrett*
                                        Michael R. Barrett, Judge
                                        United States District Court